# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOMER JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-873-G |
| ) | |
| DAVID ROGERS, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Homer Jones, a state prisoner, filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1); Second Am. Pet. (Doc. No. 11). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Chris M. Stephens for preliminary review.

On January 8, 2025, Judge Stephens issued a Report and Recommendation ("R. & R.," Doc. No. 16), in which he recommended the Second Amended Petition be dismissed upon preliminary review for failure to plead a § 2241 habeas claim upon which relief can be granted. *See* R. 1(b), 4, R. Governing § 2254 Cases in U.S. Dist. Cts. Petitioner filed a timely written Objection (Doc. No. 17).

Pursuant to governing authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

In his pleading, Petitioner primarily alleges that he is being unlawfully detained in

connection with his February 1985 Oklahoma state-court criminal conviction. *See* Second Am. Pet. at 1-3, 6-8, 10-16 ("I am a sover[eig]n native Indian, held by the occupational army, without jurisdiction *or* authority."). As outlined in the R. & R., Petitioner also raises several other challenges to his state-court conviction. *See* R. & R. at 4-5. Petitioner seeks either his immediate release from custody or a hearing in this Court. *See* Second Am. Pet. at 8.

Judge Stephens addressed Petitioner's habeas claim and found that it was not cognizable under 28 U.S.C. § 2241, as Petitioner's jurisdictional, due-process, and other arguments are attacking his state-court conviction and sentence rather than the nature of Petitioner's confinement. *See* R. & R. at 5-6; *see also Jones v. Pedigrew*, No. CIV-21-290-G, 2021 WL 2815810, at *3 (W.D. Okla. Apr. 19, 2021) (R. & R.), *adopted*, 2021 WL 2809433 (W.D. Okla. July 6, 2021); *Jones v. Pedigrew*, No. CIV-21-614-G, 2021 WL 9405303, at *2-3 (W.D. Okla. Oct. 20, 2021) (R. & R.), *adopted*, 2022 WL 4017638 (W.D. Okla. Sept. 2, 2022). Judge Stephens therefore recommended that this matter be dismissed pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* R. & R. at 1, 5; *Mayle v. Felix*, 545 U.S. 644 (2005).

Petitioner's Objection argues that this matter was improperly referred to a magistrate judge for screening and that because no answer has been filed by Respondent, Petitioner's claims "HAVE been admitted true," requiring entry of default. Pet'r's Obj. at 1. As Petitioner has been advised, the Court's screening obligation "may be applied to § 2241 habeas petitions, as well as actions brought under 28 U.S.C. § 2254." *Jones v. Pedigrew*, No. CIV-21-290-G, 2021 WL 8945249, at *2 (W.D. Okla. Dec. 23, 2021); *see*

*also Parker v. Crow*, 822 F. App'x 716, 718 (10th Cir. 2020).   Conducting the preliminary review and issuance of a recommendation are squarely within the authority of a magistrate judge under 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Rules 1(b), 4, and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.   In addition, Respondent was not directed to respond to the pleading by the Court and so is not in default or otherwise subject to an adverse judgment in this matter.  *See* R. 1(b), 4, R. Governing § 2254 Cases in U.S. Dist. Cts.; LCvR 9.2(c).   Petitioner's objections are therefore overruled.

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 16) is ADOPTED in its entirety.   Petitioner's Motion (Doc. No. 2) is DENIED AS MOOT, and this matter is DISMISSED.   A separate judgment shall be entered.

Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts require the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner.   A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 20th day of February, 2025.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
United States District Judge